**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA McLAREN, on behalf of herself and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UPS STORE, INC., *et al.*,<br><br>Defendants. | Civil Action No. 21-14424 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Barbara McLaren's ("Plaintiff") motion to remand pursuant to the local controversy exception to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(4)(A) ("CAFA"), following limited jurisdictional discovery. (ECF No. 64.) Defendants The UPS Store, Inc., Turquoise Terrapin LLC formerly d/b/a UPS Store #4122, RK & SP Services, Inc., formerly d/b/a UPS Store #4122, and Hamilton Pack N Ship LLC, d/b/a UPS Store #4122 (collectively "Defendants") opposed the motion to remand (ECF No. 68), and Plaintiff replied (ECF No. 70). Separately, Defendants cross moved to strike Plaintiff's reply in support of the motion to remand (ECF No. 73), and Plaintiff opposed (ECF No. 75). For the reasons set forth below, Plaintiff's motion to remand and Defendants' motion to strike are both **DENIED**.

I.  **BACKGROUND**

Plaintiff's renewed motion to remand comes after the Third Circuit's April 25, 2022, Opinion vacating the Court's January 31, 2022, Order[1] (ECF No. 17) and instructing the Court to consider the applicability of the local controversy exception to federal jurisdiction under CAFA. *See McLaren v. UPS Store Inc.*, 32 F.4th 232 (3d Cir. 2022). Because the facts giving rise to this putative class action suit are well known to the parties and are set forth in both the January 31, 2022 Order and the Third Circuit's Opinion, a detailed recounting here is unwarranted.

In sum, Plaintiff alleges that Defendants charged consumers, herself included, for notary services in excess of $2.50, the maximum amount permitted under New Jersey law, N.J.S.A. § 22A:4-14. (*See* First Am. Compl. ("FAC") ¶¶ 20-70, ECF No. 1, Ex. A.) Specifically, Plaintiff claims that she visited UPS Store #4122, located in Hamilton Square, New Jersey to notarize two documents and was unlawfully charged $5.00 in notary fees per document. (*See id.* ¶¶ 62-66.) The FAC includes class allegations for all persons who paid notary service fees in excess of the statutory maximum at the approximately 161 The UPS Store franchisee locations in New Jersey. (*See id.* ¶¶ 71-82.) Plaintiff further names the franchisees as a defendant class ("Franchisee Class"), defined as "[a]ll persons and business entities of every kind who owned and/or operated a UPS Store in the State of New Jersey that provides and provided notary services to the public at such facility." (*Id.* ¶ 74.)

Following a period of discovery and an interlocutory appeal in state court, Defendants removed the lawsuit from the Superior Court of New Jersey, Law Division, Mercer County, to this Court pursuant to CAFA on July 30, 2021. (*See* Notice of Removal, ECF No. 1.) In response,

---

[1] This matter was originally assigned to Hon. Freda L. Wolfson (ret.), U.S.D.J., who issued the January 31, 2022 Order. The case was reassigned on January 31, 2023. (*See* ECF No. 83.)

Plaintiff filed the first motion to remand (*see* ECF No. 3) asserting Defendants' removal was untimely under 28 U.S.C. § 1446, which the Court granted. (*See* ECF No. 17.) Defendants appealed that decision to the Third Circuit, which reversed but also ordered that the Court consider whether the local controversy exception to CAFA jurisdiction applies such that remand is appropriate.[2] *See McLaren*, 32 F.4th at 241-42. The Court then allowed for a 30-day period of jurisdictional discovery. (*See* ECF No. 38.) Plaintiff noticed the 30(b)(6) depositions of Defendants The UPS Store, Inc. and Hamilton Pack N Ship LLC.[3]

At the close of jurisdictional discovery, Plaintiff again moved to remand. (*See* Pl.'s Moving Br., ECF No. 64-1.) Defendants opposed (*see* Defs.' Opp'n Br., ECF No. 68), and Plaintiff replied (*see* Pl.'s Reply Br., ECF No. 70). Defendants then moved to strike the evidence submitted in conjunction with Plaintiff's reply brief (*see* Defs.' Mot. to Strike, ECF No. 73-1), and Plaintiff opposed (*see* Pl.'s Opp'n to Mot. to Strike, ECF No. 75).

## II.   **LEGAL STANDARD**

The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

---

[2] Solely for purposes of the first remand motion and the subsequent appeal, this matter was consolidated with a related case: *Tripicchio v. The UPS Store, Inc.*, No. 21-14512 (D.N.J.) (the "*Tripicchio* Action"). The *Tripicchio* Action similarly involves class action claims, originally filed in state court, for excessive notary services fees against The UPS Store and its New Jersey franchisees. In contrast to Plaintiff here, however, the *Tripicchio* plaintiff declined to further contest federal jurisdiction under CAFA at the close of jurisdictional discovery. (*See Tripicchio* Action, ECF No. 57.)

[3] In the *Tripicchio* Action, the plaintiff noticed the 30(b)(6) deposition of JB&A Enterprises, a named defendant in that case.

§ 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. 28 U.S.C. § 1447(c).

"CAFA provides federal courts with jurisdiction over civil class actions if the 'matter in controversy exceeds the sum or value of $5,000,000,' the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B)). The party seeking removal pursuant to CAFA is required "to demonstrate federal jurisdiction." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). However, where the threshold jurisdictional requirements under CAFA are satisfied, the burden is on the party seeking remand to show the applicability of any exception to CAFA, including the local controversy exception, 28 U.S.C. § 1332(d)(4)(A). *See id.* at 153-54.

### III. DISCUSSION

Plaintiff argues that remand is warranted pursuant to the local controversy exception to CAFA because jurisdictional discovery has revealed that two-thirds of the members of the putative plaintiff class are New Jersey citizens and that at least one defendant, whose alleged conduct forms a significant basis for the class claims and from whom significant relief is sought, is a citizen of New Jersey. (*See generally* Pl.'s Moving Br.) Other prerequisites for the exception are not in dispute. According to Plaintiff, this case is the "epitome of a 'local controversy'" as "[i]t centers overwhelmingly on business conduct within the state of New Jersey that is exclusively covered by New Jersey state law, and conduct which allegedly victimizes a population of overwhelmingly New Jersey consumers through injuries inflicted solely in New Jersey." (*Id.* at 2.)

In opposition, Defendants contend that Plaintiff has neither sufficiently demonstrated that two-thirds of the putative class members are New Jersey citizens nor that the alleged conduct of, and relief sought from, the named local defendant in this action, Hamilton Pack N Ship LLC ("HPNS"), is "significant" under the CAFA exception. (*See generally* Defs.' Opp'n Br.) Additionally, Defendants move to strike the evidence Plaintiff submitted on reply, asserting that the evidence is "irrelevant" and that "it is improper to submit lengthy evidence with a reply brief." (*See* Defs.' Mot. to Strike at 1.)

### A.     The Motion to Strike

As an initial matter, the Court finds that Defendants' motion to strike lacks sufficient legal support and is, therefore, denied. Notably, Defendants' motion does not identify any authority pursuant to which they seek relief. Rather, Defendants merely contend that Plaintiff's submission on reply is "improper" and "irrelevant" because certain of Plaintiff's exhibits include information about non-party The UPS Store franchisees. (*See* Defs.' Mot. to Strike at 1.)

Absent any indication from Defendants as to the legal authority governing their motion, the Court construes the motion to strike under Federal Rule of Civil Procedure 12(f).[4] Rule 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The decision is discretionary," and "[a]s a general matter, motions to strike under Rule 12(f) are highly disfavored." *S.J. by Jones v. Avanti Prods. LLC*, No. 18-15003, 2019 WL 943521, at *1 (D.N.J. Feb. 26, 2019) (internal quotations and citations omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *F.T.C. v. Hope Now Modifications, LLC*, No.

---

[4] Hereinafter, all references to Rule and Rules refer to the Federal Rules of Civil Procedure.

09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).

Notwithstanding the fact that Plaintiff's reply exhibits are not pleadings, Defendants fail to establish any prejudice suffered by Plaintiff's submission. Even if the exhibits are irrelevant, as Defendants argue, the Court need not strike them, particularly where Defendants do not set forth the legal basis for their motion. As discussed further below, Plaintiff bears the burden of proving the applicability of the local controversy exception to CAFA. To the extent Plaintiff's submission supports her arguments in favor of remand, the Court will consider it. Regardless, there is no detriment to Defendants' position from the mere presence of Plaintiff's exhibits in the record. Defendants' motion to strike is, therefore, denied.

B.      The Motion to Remand – "Local Controversy" Exception to CAFA

"Even if a federal court has jurisdiction under CAFA, it must decline to exercise that jurisdiction if the class action involves a local controversy."[5] *McLaren*, 32 F.4th at 241; *see* 28 U.S.C. § 1332(d)(4)(A). "[T]he party seeking remand has the burden of showing that the local controversy exception applies." *Kaufman*, 561 F.3d at 154. To invoke this exception, the moving party must show:

> (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

---

[5] The Court previously found the jurisdictional requirements of CAFA were met in this case. (*See* ECF No. 17 at 10.) Plaintiff does not dispute the prerequisites of CAFA jurisdiction in the motion to remand, nor does Plaintiff invoke any CAFA exceptions other than the local controversy exception.

6

*Vodenichar*, 733 F.3d at 506-07. Here, the only contested elements are whether (1) greater than two-thirds of the putative class are New Jersey citizens, (2) HPNS's conduct forms a significant basis for the claims asserted, and (3) significant relief is sought from HPNS. (*See* Defs. Opp'n at 16-33.)

### 1. *Citizenship of the Putative Class*

"For the local controversy exception to apply . . . Plaintiff must demonstrate that 'greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed.'" *Dicuio v. Brother Int'l Corp.*, No. 11-1447, 2011 WL 5557528, at *7 (D.N.J. Nov. 15, 2011) (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(I)). The Third Circuit has not addressed what constitutes sufficient evidence to meet this burden.

Plaintiff argues that the inquiry "necessitates a reasonable, common-sense assessment" of the citizenship of the members of the putative class, essentially endorsing a pragmatic approach, rather than one based on statistical certainty. (*See* Pl.'s Moving Br. at 8.) At least one other district court in this Circuit has adopted this standard. *See Ellis v. Montgomery County*, 267 F. Supp. 3d 510, 516 (E.D. Pa. 2017) ("In weighing and considering the evidence submitted by a party seeking to invoke a CAFA exception, a court should engage in a 'practical and reasonable' inquiry that considers the evidence in light of the context of the case."). Under the pragmatic approach, "a court need not use a precise mathematical formula or exact data." *Id.* (quoting *Doe v. Georgetown Synagogue-Kesher Israel Congregation*, 118 F. Supp. 3d 88, 95 (D.D.C. 2015)). That said, "[t]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Id.* (quoting *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013)). As such, "[t]he party seeking to invoke an exception must provide *evidence* (not merely assertions)

7

that makes it more likely than not that more than two-thirds of the proposed class consists of citizens of the relevant state." *Id.* (emphasis in original). In support of her evidentiary burden, Plaintiff has produced logbook entries of notary services transactions from The UPS Store #4122 in Hamilton, New Jersey, during the period of September 2019 to May 2022. (*See* Decl. of Kent Bronson ("Bronson Decl.") Ex. B, ECF No. 64-4.) The entries include information regarding the notary services rendered at that location, including transaction date, customer name, customer address, type of identification used by the customer, and, in some entries, the amount paid. (*See id.*) Plaintiff contends that review of these entries indicates that 85% to 90% of notary service customers at The UPS Store #4122 during that period had both New Jersey home addresses and New Jersey drivers' licenses. (*See* Pl.'s Moving Br. at 12; Bronson Decl. ¶¶ 6-8.)

Defendants contend Plaintiff's burden is more onerous, and one that Plaintiff fails to satisfy. (*See* Defs.' Opp'n Br. at 17.) Specifically, Defendants point to the approach of the Seventh and Eighth Circuits, which hold there are "two ways plaintiffs can meet their burden: (1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens[;] or (2) redefine the class as only local citizens." *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015) (citing *In re Sprint Nextel Corp.*, 593 F.3d 669, 675-76 (7th Cir. 2010)). First, Defendants argue that Plaintiff has not produced a "statistically significant survey" demonstrating the two-thirds threshold. (*See* Defs.' Opp'n Br. at 18-19.) Second, Defendants assert that the proposed plaintiff class is not limited to New Jersey citizens. (*See* Defs.' Opp'n Br. at 17.) Instead, the class is defined as "All natural persons who paid fees to [The UPS Store] in excess of the statutory minimum set forth in N.J. Stat. Ann. § 22A:4-14 for notary services in New Jersey." (FAC ¶ 72.)

8

Under Defendants' proposed standard, Plaintiff plainly fails to meet her evidentiary burden. As Defendants' expert, Dr. Victoria Stodden, highlights, and as Plaintiff admits, the notary logbook entries from The UPS Store #4122 are merely a "sample of convenience," without statistical significance. (*See* Decl. of Victoria Stodden Ph.D. ("Stodden Decl.") ¶¶ 23-28, ECF No. 68-8.) Dr. Stodden explains in detail that "[w]hile Plaintiff claims that the data 'can be generally extrapolated to the overall number and percentages of notary services of [The UPS Store] Stores in New Jersey during the Class Period,' this statement is unsupported and inconsistent with standard accepted sampling theory." (*Id.* ¶ 24.) According to Dr. Stodden, there are various sources of potential selection bias that prevent reliable extrapolation, including "[The UPS Store] #4122 is geographically distinct from many other UPS stores in New Jersey" and "[s]tores with differing geographic locations may attract different customers"; "patterns of store ownership (e.g. franchisee or nonfranchisee) may differ across stores and could imply different business practices, and so the customers served may be systematically different as well"; and "population characteristics can change over time" and "the Class Period in this matter stretches as far back as 2014." (*Id.* ¶ 25.) Simply put, "[t]he record does not include any sample, sampling methodology, or other indication of a disciplined approach." *Hood*, 785 F.3d at 266; *see Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (Plaintiffs may "take a random sample of [potential class members], ascertain the citizenship of each . . . on the date the case was removed, and extrapolate to the class as a whole."). Absent a representative sample of the putative class, extrapolation from the notary logbook entries of a single The UPS Store location during a period of time that does not align with Plaintiff's class definition amounts to "guesswork, based on a sense of how the world works, but guesswork nonetheless." *In re Sprint*, 593 F.3d at 674.

Even under Plaintiff's proposed standard, the notary logbook entries from The UPS Store #4122 are insufficient to demonstrate that it is more likely than not that more than two-thirds of the proposed class consists of New Jersey citizens. In advocating for a commonsense approach to the burden of proof, Plaintiff asks the Court to assume too much. By Plaintiff's own admission, most entries in the logbook reflect information about notary services customers who do not qualify for the putative class. (*See* Pl.'s Reply Br. at 5.) According to Plaintiff, out of the 2,280 notary transactions provided "there are at least several hundred putative Class members reflected in HPNS's logbooks, and as many as 800, who were overcharged for notary services." (*Id.*) For this reason, the evidence produced by Plaintiff is only partially useful in ascertaining the characteristics of the putative class members. Moreover, the logbook entries contain no precise information as to the putative class members' "residency as of the date on which this case was filed, which is the date on which citizenship is determined for CAFA purposes." *Ellis*, 267 F. Supp. 3d at 519 (citing 28 U.S.C. § 1332(d)(7)). Because Plaintiff does not limit the class definition to New Jersey citizens, it is reasonable to conclude that a number of class members no longer reside in New Jersey. Further, these flaws in Plaintiff's evidence are ultimately underscored by the glaring fact that Plaintiff has only provided the Court with notary customer information as to a single The UPS Store location.[6] Although the notary logbook entries from The UPS Store #4122 admittedly indicate a high percentage of New Jersey citizens seeking notary services at that location, the Court cannot make the inference, based on that information alone, that greater than two-thirds of the

---

[6] Plaintiff provided information regarding The UPS Store #4122 because the store "has, if anything, among the higher percentages of non-New Jersey residents' customers because of its particularly close proximity to the New Jersey-Pennsylvania state border." (Pl.'s Moving Br. at 12.) Thus, according to Plaintiff, the fact that nearly 90% of that store's notary services customers are New Jersey citizens is indicative of the New Jersey citizenship of notary service customers at The UPS Store locations throughout the state. (*See id.*)

proposed class consists of New Jersey citizens. As Defendants argue, there are far too many variables with respect to notary services customers state-wide to make that logical leap, even if such a conclusion appears to be commonsense.

As the party seeking remand, Plaintiff "has the burden of showing that the local controversy exception applies." *Kaufman*, 561 F.3d at 154. Although the precise contours of that burden with respect to the two-thirds threshold are not clearly defined in this Circuit, Plaintiff's limited evidentiary showing here is insufficient. With information as to the customer base of only one New Jersey The UPS Store and even less information as to the putative class members who transacted business at that store, the Court is left with little confidence that any reasonable assumption can be made about the citizenship of the putative class. Thus, Plaintiff's motion for remand pursuant to the local controversy exception fails on this basis.

        2.    *Significant Local Defendant Test*

Still, even if Plaintiff could demonstrate that greater than two-thirds of the putative class are New Jersey citizens, Plaintiff's motion suffers an additional defect with respect to whether the alleged conduct of the local defendant, HPNS, amounts to a "significant basis" for the class claims. The significant basis provision "requires that the class action include at least one local defendant 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class.'" *Kaufman*, 561 F.3d at 154 (quoting 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb)). Thus, "[t]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." *Id.* at 157 (emphasis in original). "Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants." *Id.* at 156.

Here, the alleged conduct of The UPS Store overwhelms that of HPNS. Plaintiff alleges, among other things, that "[The UPS Store] controls and has the right to control the conduct of its

11

franchisees, including but not limited to setting the prices for notary services charged at The UPS Store locations, including at UPS Store #4122 as well as those currently or formerly owned and operated by Franchisee Defendants"; "Due to the control asserted by [The UPS Store], Representative Defendants acted and/or act as agents and servants for [The UPS Store]"; "[The UPS Store] mandates that each location in New Jersey charge notary fees of $5 instead of $2.50 for each notarial act performed"; and "[The UPS Store] at all times material was and is aware that it systematically flouts state laws on notary fees, including that of New Jersey." (FAC ¶¶ 36, 39, 49, 52.) As to HPNS, Plaintiff merely alleges that "Plaintiff purchased, was charged, and paid $5.00 in notary fees per document" when she "visited UPS Store #4122, owned at the time by RK & SP Services LLC, currently owned by [HPNS]." (FAC ¶¶ 66, 62.) And that, as the owner of UPS Store #4122, HPNS engaged in "unlawful charges for notary services" and "derived substantial revenue from notary services within New Jersey" in conjunction with the other Defendants. (*Id.* ¶ 46.) In this way, the clear theme of Plaintiff's allegations is that The UPS Store directed the overcharges for notary services and that franchisees, like HPNS, were essentially along for the ride.

Plaintiff contends that HPNS's alleged conduct does form a significant basis for the class claims, pointing to the fact that HPNS "is also not only mentioned, but is directly and equally implicated, in every one of the five counts setting forth the five causes of action . . . including the claim for Civil Conspiracy." (Pl.'s Moving Br. at 18.) But "[t]he significance of the local defendant's alleged conduct must always be assessed in comparison to the alleged conduct of all the Defendants." *Kaufman*, 561 F.3d at 157; *see Vodenichar*, 733 F.3d at 507 n.8 ("The focus is on the conduct in which the local defendant allegedly engaged and the alleged number of people impacted by it."). While HPNS may have engaged in notary service overcharges to a limited

12

number of customers, such conduct is hardly significant in light of the allegations against The UPS Store, which allegedly directed the overcharges state-wide. Perhaps recognizing this, Plaintiff emphasizes that HPNS is designated as a representative defendant and that Plaintiff has also sued a class of The UPS Store New Jersey franchisees whose conduct forms a significant basis for the class claims. (*See* Pl.'s Moving Br. at 19; Pl.'s Reply Br. at 10.) However, this putative defendant class is not currently a party to the action, and the Third Circuit has squarely held that "the local controversy exception requires consideration of the defendants presently in the action." *Kaufman*, 561 F.3d at 153. Consideration of the conduct of the putative defendant class is, thus, unwarranted.[7]

As explained above, Plaintiff's motion to remand fails on the basis that Plaintiff has not sufficiently demonstrated that greater than two-thirds of the putative class are New Jersey citizens. But even if Plaintiff had satisfied that evidentiary burden, the Court has doubts that Plaintiff can demonstrate that HPNS's alleged conduct is significant when compared to the alleged conduct of The UPS Store. As courts in this Circuit have recognized, "[t]he local controversy exception is narrow, and the legislative history of CAFA reveals a strong preference that interstate class actions should be heard in a federal court if properly removed." *Durnell v. Foti*, No. 19-2972, 2019 WL 4573247, at *3 (E.D. Pa. Sept. 20, 2019) (quoting *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017)); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) ("Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'") (quoting S. Rep. No. 109-14, at 42)). Although Plaintiff's putative class action undoubtedly has strong ties to New Jersey,

---

[7] Although the parties also address whether significant relief is sought from the local defendant, because Plaintiff has failed to carry her burden on other elements of the local controversy exception, the Court need not address that issue here.

Plaintiff "bears the burden of proving by a preponderance of the evidence that the [local controversy] exception applies," and did not do so here. *Vodenichar*, 733 F.3d at 503. Without any additional arguments to the contrary, the Court finds that this class action suit was properly removed pursuant to CAFA.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is denied, and Defendants' motion to strike is also denied.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
